LOUISE A. SIPFLE v. THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, AND THE BOARD OF TRUSTEES OF THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL

No. 8320SC867

(Filed 7 August 1984)

**Principal and Agent § 4— promotion of China tour—faculty member not agent of university**

    Defendant university did not hold a faculty member out as its agent in organizing a trip to China, though defendant provided the faculty member with stationery bearing defendant's letterhead, since the faculty member violated university policy in using the stationery to promote a private venture, and plaintiff therefore could not hold defendant liable when the venture failed and plaintiff lost a considerable sum of money.

APPEAL by plaintiff from *Helms, Judge*. Judgment entered 6 May 1983 in Superior Court, MOORE County. Heard in the Court of Appeals 8 May 1984.

This is an action in which the plaintiff contends the University of North Carolina at Chapel Hill is liable to her in the amount of $52,264.00. She bases her claim on what she contends were acts of the University in leading her to believe that the "full faith and credit of the University was behind" a tour of China for which she had made payments. She also contends that the University had clothed Dr. Lawrence Kessler, a member of the faculty, with apparent authority so that the University was liable for the acts of Dr. Kessler.

The defendants made a motion for summary judgment. The pleadings and papers filed in support of and in opposition to the motion show the following facts are not in dispute. In the spring of 1981, Travel Headquarters, Inc., a California travel agency, mailed to college faculty members throughout the United States circulars describing tour packages it intended to offer in the summer of 1982. Travel Headquarters solicited the faculty members to act as guides for tours. Dr. Lawrence Kessler agreed to lead a tour of China. He entered into an agreement with the travel agency in which he agreed to recruit people for the tour. He was to receive a number of free passages on the tour or money depending upon the number of people he recruited.

In order to promote the tour, the travel agency furnished a "shell" to Dr. Kessler who then "personalized" it by adding a title at the top of the shell and attaching an introductory letter which he signed. Dr. Kessler gave the tour the title "Carolina Study Tour." The travel agency then had a brochure printed for distribution to potential customers.

The plaintiff received a copy of the brochure for the "Carolina Study Tour." She decided to register for the tour and take 15 members of her family with her. On 24 January 1982, she mailed a check for $2,500.00 to Dr. Kessler at Hamilton Hall, University of North Carolina at Chapel Hill. On 1 February 1982, she mailed a check for $40.00 to Dr. Kessler to enroll in History 84 which was being offered for credit by the UNC Extension Division in conjunction with the tour. The plaintiff received a letter from Marcia Decker, Student Services, Off-Campus Credit Programs, stating that she was delighted that plaintiff planned to participate in the China study travel program and enroll for History 84.

The plaintiff, following instructions from Dr. Kessler, sent further sums of money totalling $49,764.00 to Travel Headquarters, Inc. in California. All letters written by Dr. Kessler to the plaintiff were on stationery of the University. It was a violation of University policy for Dr. Kessler to use the University's letterhead to promote a private venture. Dr. Kessler wrote the plaintiff on 18 May 1982 informing the plaintiff that the trip had been cancelled. Travel Headquarters, Inc. went into bankruptcy. No money has been refunded to the plaintiff.

The superior court granted the defendants' motion for summary judgment. The plaintiff appealed.

*Pollock, Fullenwider, Cunningham and Patterson, by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Attorney General Edmisten, by Associate Attorney Thomas J. Ziko, for defendant appellees.*

WEBB, Judge.

The plaintiff has alleged (1) that the defendants made an implied warranty to her that Travel Headquarters, Inc. was worthy

of her confidence; (2) that the representation to plaintiff by the University constituted an implied contract between plaintiff and the University; (3) that she relied on the representations to her detriment; (4) that the University was negligent in not knowing of the Carolina Study Tour and not having in effect policies and procedures to prevent its name from being associated with the tour; (5) the University clothed Dr. Kessler with apparent authority to contract for it; and (6) the defendants were sureties for Travel Headquarters, Inc.

In her first argument the plaintiff does not say under which theory she is claiming but she contends that she was led by acts of the University to believe that the Carolina Study Tour was sanctioned by the University and that based on such reliance, she lost $52,264.00 to Travel Headquarters, Inc. She contends that the University knew of Dr. Kessler's plans and by participating in them gave endorsement to the tour. The plaintiff concedes she can find no case in this state which is precedent for this case.

Assuming the plaintiff would have a claim under the theory she advances we hold the evidence in this case shows she is not entitled to recover. Dr. Kessler, a member of the faculty of the University, used stationery with the University's letterhead in promoting the tour. Payments for the tour were made to a California travel agency. We do not believe a person could conclude from this that the University endorsed the tour and guaranteed the solvency of the travel agency. Nor do we think that the fact the University offered academic credit for those who took a course while on the tour makes it a guarantor of the solvency of the travel agency.

The plaintiff also contends the University allowed Dr. Kessler to act as its apparent agent. In *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974), our Supreme Court stated:

> "The rights and liabilities which exist between a principal and a third party dealing with that principal's agent may be governed by the apparent scope of the agent's authority, which is that authority which the principal has held the agent out as possessing or which he has permitted the agent to represent that he possesses; . . . ."

*Id.* at 30-1, 209 S.E. 2d at 799. In this case, the University has provided a member of the faculty with stationery containing the University's letterhead. We do not believe this is holding him out as an agent to represent the University in organizing a trip to China. We do not believe the University should be held liable because Dr. Kessler violated University policy in using University stationery to promote a private venture.

Affirmed.

Judges HILL and WHICHARD concur.